IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) LADONNA S. CADE and<br>(2) JOHN CADE,<br><br>      Plaintiffs,<br><br>v.<br><br>(1) HOWMEDICA OSTEONICS CORP. d/b/a STRYKER ORTHOPAEDICS;<br>(2) HOMEDICA OSTEONICS CORP.<br>(3) STRYKER CORPORATION,<br><br>      Defendants. | Case No. 4:21-cv-00359-GKF-CDL<br><br>*Tulsa County CJ-2020-3184* |

## NOTICE OF REMOVAL

Defendants, Howmedica Osteonics Corp. d/b/a Stryker Orthopaedics, and Stryker Corporation, (collectively "Defendants") give notice that this case has been removed to the United States District Court for the Northern District of Oklahoma under 28 U.S.C. §§ 1332, 1441, and 1446 and Federal Rule of Civil Procedure 81.

### I. INTRODUCTION

Plaintiffs filed their First Petition in the District Court of Tulsa County, Oklahoma on January 31, 2019, styled *LaDonna S. Cade and John Cade v. Howmedica Osteonics Corp. d/b/a Stryker Orthopaedics, Howmedica Osteonics Corp., and Stryker Corporation*, Case No. CJ-2019-0424 (Ex. 1, First State Court Petition). Plaintiff's first lawsuit was dismissed without prejudice on October 21, 2019 for failure to timely serve the Defendants within 180 days pursuant to 12 O.S. § 2004.

Plaintiffs filed a Second Petition in the District Court of Tulsa County, Oklahoma on October 19, 2020, styled *LaDonna S. Cade and John Cade v. Howmedica Osteonics Corp. d/b/a*

*Stryker Orthopaedics, Howmedica Osteonics Corp., and Stryker Corporation*, Case No. CJ-2020-3184 (Ex. 2, Second State Court Petition). Plaintiffs again failed to timely serve the Defendants within 180 days as required by 12 O.S. § 2004. However, the Tulsa County District Court Judge entered an order on April 19, 2021 granting Plaintiffs an additional 120 days to serve the Defendants. Just six days before the extended service deadline expired, Plaintiffs served Defendants on August 13, 2021. In total, Defendants were finally served with Plaintiffs' claims almost 930 days after the initial filing.

Plaintiffs demand judgment against all Defendants for damages in excess of the amount required for diversity jurisdiction under 28 U.S.C. § 1332, together with costs, expenses, and attorney fees. (Second Petition, Ex. 2, ¶¶ 22, 30, 34, 39, 48, 56, 60, 63). This case therefore meets the jurisdictional amount required for removal by 28 U.S.C. § 1332(a).

According to the Second Petition, Plaintiffs are residents and citizens of Oklahoma. Second Petition, Ex. 2, ¶ 1. All of the Defendants are citizens and residents of states other than Oklahoma. (Ex. 3, corporation information for Howmedica Osteonics Corp. d/b/a Stryker Orthopaedics, Ex. 4, corporation information for Stryker Corporation.) Plaintiffs served Defendants on August 13, 2021, at their Oklahoma registered agent's office located at 1833 S. Morgan Road, Oklahoma City, Oklahoma 73128. (Ex. 5, Howmedica Osteonics Corp. Proof of Service, Ex. 6, Stryker Orthopaedics Proof of Service). There is complete diversity between the Plaintiffs and the Defendants.

## II. PROCEDURAL HISTORY

This action is being removed within thirty (30) days of service as required by 28 U.S.C. § 1446(b) and *Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 529 U.S. 344 (1999).

### III.  JURISDICTION

Defendants have the right to remove, and this Court has jurisdiction under 28 U.S.C. §§ 1332 and 1441.  There is complete diversity between the Plaintiffs and all Defendants, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

The United States Supreme Court has held that, for diversity purposes, a corporation's "principal place of business" "is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities," sometimes called its "nerve center." *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010).  "And in practice it should normally be the place where the corporation maintains its headquarters – provided that the headquarters is the actual center of direction, control, and coordination, i.e., the 'nerve center' . . .." *Id.*

The headquarters and "nerve center" of Howmedica Osteonics Corp. is in New Jersey, where it is incorporated and has its principal place of business.  The headquarters and "nerve center" of Stryker Corporation is not in Oklahoma but in Michigan where is it incorporated and has its principal place of business. There is complete diversity among the parties as of the date the First and Second State Court Petition were filed.  This Court therefore has jurisdiction under 28 U.S.C. § 1441(b).

### IV.  CONCLUSION

This action is properly removed pursuant to 28 U.S.C. § 1441.  A copy of this Notice of Removal is being served on Plaintiffs' counsel of record.  A copy of this Notice of Removal will be filed with the Clerk of the District Court of Tulsa County.  A copy of the docket sheet in the Tulsa County District Court case is attached hereto.  (Ex. 7, Docket Sheet).  Copies of all documents filed or served upon Defendants in the state court action are made part of this Notice

(Ex. 8, State Court Filings). All Defendants therefore remove this case to the United States District Court for the Northern District of Oklahoma.

Respectfully submitted,

By *s/ Jeremy K. Ward*
Jeremy K. Ward, OBA #21400
FRANDEN, FARRIS, QUILLIN,
  GOODNIGHT, ROBERTS & WARD
Two West Second St., Suite 900
Tulsa, OK 74103
Telephone: 918/583-7129
Facsimile: 918/584-3814
jward@tulsalawyer.com
***Attorney for Defendants***

## CERTIFICATE OF SERVICE

I hereby certify that on August 31, 2021, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Jerry D. Lundy, OBA #16459
119 West Broadway Avenue
Broken Arrow, Oklahoma 74012
***Attorney for Plaintiffs***

*s/ Jeremy K. Ward*
Jeremy K. Ward