IN THE DISTRICT COURT IN AND FOR TULSA COUNTY
STATE OF OKLAHOMA

DISTRICT COURT
FILED
JAN 3 1 2019
DON NEWBERRY, Court Clerk
STATE OF OKLA, TULSA COUNTY

LADONNA S. CADE and )
JOHN CADE )
 )
         Plaintiffs, ) Case No.
 ) Judge
vs. ) **CJ-2019 00424**
 )
HOWMEDICA OSTEONICS CORP.d/b/a ) JURY TRIAL DEMANDED
STRYKER ORTHOPAEDICS; ) ATTORNEY LIEN CLAIMED  Caroline Wall
HOWMEDICA OSTEONICS CORP.; )
STRYKER CORPORATION; )
 )
 )
         Defendants. )

## PETITION

COMES NOW the Plaintiffs, LADONNA S. CADE (hereafter, "CADE") and JOHN CADE (hereafter, "JCADE"), and for their causes of action against the Defendants, allege and state as follows:

1. Plaintiffs are individual residents of Tulsa, Tulsa County, Oklahoma.

2. Defendant HOWMEDICA OSTEONICS CORP.d/b/a STRYKER ORTHOPAEDICS is New Jersey corporation conducting extensive business throughout the United States including Tulsa County, Oklahoma.

3. Defendant HOWMEDICA OSTEONICS CORP. (hereafter, "HOWMEDICA") is New Jersey corporation conducting extensive business throughout the United States including Tulsa County, Oklahoma.

4. STRYKER CORPORATION (hereafter "STRYKER CORP") is a Michigan corporation.

5. STRYKER CORPORATION is the parent company to HOWMEDICA OSTEONICS CORP.

1

EXHIBIT
1

6. The issues involved in the causes occurred in Tulsa, Tulsa County, State of Oklahoma.

7. The Venue and Jurisdiction of this action is proper.

8. On 11/12/2013, the Plaintiff, CADE had a total knee replacement performed on her left knee.

9. Said procedure was conducted and performed by CHRISTIAN P. LUESSENHOP (hereafter, "LUESSENHOP").

10. Said procedure was conducted using the Stryker Navigation System which was designed by Defendants.

11. Said procedure was conducted using components designed and manufactured by Defendants.

12. Said system and components were marketed by Defendants, STRYKER, HOWMEDICA, and STRYKER CORP.

13. That on 2/1/2017 LUESSENHOP informed CADE that the knee replacement had failed and a second full knee replacement procedure was required.

14. Plaintiff, CADE obtained a second full knee replacement on 10/26/2017.

CAUSE OF ACTION I

NEGLIGENCE

15. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein and further allege as follows:

16. Defendants designed, manufactured, marketed, detailed, and advertised, both to physicians and consumers the computer navigation system used in the 11/12/2013 knee replacement procedure.

17. As a result, Defendant had a duty perform each of these functions reasonably and with reasonable and due care for the safety and well-being of the patients on whom it would be used, including Plaintiff CADE.

18. Defendants STRYKER, STRYKER CORP, and HOWMEDICA failed to use reasonable and due care for the safety and well-being to these patients, including Plaintiff CADE, and is thereby negligent in the follow respects:

    a. Defendants failed to adequately design and manufacture the navigation system so that it would correctly assist in the proper locations for bone cutting and placement of the artificial components.

    b. Said failure led to defects that caused physicians to improper cuts and placements and resulted in the early failure of the knee replacements.

    c. Defendants further failed to properly train the recipient physicians utilizing the cutting guide

19. The above referenced conduct illustrates Defendants STRYKER, STRYKER CORP, and HOWMEDICA's negligent failure to exercise reasonable and appropriate care.

20. It is foreseeable that such negligence would lead to premature device failure.

21. It is foreseeable that such negligence would lead to future injury requiring corrective measures or alternately permanent, debilitating injury to patients, including Plaintiff CADE.

22. As a direct and proximate result of the Defendants' negligence, Plaintiff has suffered, and will continue to suffer, injury, disability, disfigurement,

emotional distress, harm and economic loss as alleged herein, in an amount in excess of $75,000.00.

## CAUSE OF ACTION II

## NEGLIGENCE

23. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein and further allege as follows:

24. Defendants designed, manufactured, marketed, detailed, and advertised, both to physicians and consumers the components and used in the 11/12/2013 knee replacement procedure.

25. As a result, Defendant had a duty perform each of these functions reasonably and with reasonable and due care for the safety and well-being of the patients on whom it would be used, including Plaintiff CADE.

26. Defendants STRYKER, STRYKER CORP, and HOWMEDICA failed to use reasonable and due care for the safety and well-being to these patients, including Plaintiff CADE, and is thereby negligent in the follow respects:

   a. Defendants failed to adequately design and manufacture the navigation system so that it would correctly assist in the proper locations for bone cutting and placement of the artificial components.

   b. Said failure led to defects that caused physicians to improper cuts and placements and resulted in the early failure of the knee replacements.

   c. Defendants further failed to properly train the recipient physicians utilizing the cutting guide

27. The above referenced conduct illustrates Defendants STRYKER, STRYKER CORP, and HOWMEDICA's negligent failure to exercise reasonable and appropriate care.

28. It is foreseeable that such negligence would lead to premature device failure.

29. It is foreseeable that such negligence would lead to future injury requiring corrective measures or alternately permanent, debilitating injury to patients, including Plaintiff CADE.

30. As a direct and proximate result of the Defendants' negligence, Plaintiff has suffered, and will continue to suffer, injury, disability, disfigurement, emotional distress, harm and economic loss as alleged herein, in an amount in excess of $75,000.00.

## CAUSE OF ACTION III

### BREACH OF EXPRESS WARRANTY

31. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein and further allege as follows:

32. Through their public statements, corporate filings, marketing descriptions, Defendants, STRYKER, STRYKER CORP, and HOWMEDICA's promises expressly warranted that the navigation system and the components would result in successful full knee replacements.

33. These warranties came in the form of
    a. Publically-made written and verbal assurances of safety;
    b. Press releases and dissemination by way of media of uniform promotional information that was intended to create demand for the navigation systems and total knee replacement components;

5

    c.    Verbal assurances made by the Defendants' consumer relations personnel to the public and about the safety of the navigation systems and components;

34. As the navigation system and/or the components led to the premature failure of total knee replacements, including the one provided to Plaintiff CADE, Defendants breached the warranties made as a direct and proximate result of the Defendants' breach, Plaintiff has suffered, and will continue to suffer, injury, disability, disfigurement, emotional distress, harm and economic loss as alleged herein, in an amount in excess of $75,000.00.

## CAUSE OF ACTION IV
## BREACH OF IMPLIED WARRANTY

35. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein and further allege as follows:

36. At the time Defendants, STRYKER, STRYKER CORP, and HOWMEDICA's marketed sold and distributed the navigation system and components, they knew of the use for which the products were inteded and impliedly warranted the product to be merchantable quality, safe, fit and effective for such uses.

37. Said Defendants knew or had reason to believe that patients including Plaintiff, CADE and physicians including LUESSENHOP would rely on the said Defendants' judgment and skill in providing the navigation system and components.

38. Plaintiff and her physician reasonably upon said Defendants' judgment and skill in that the navigation system and components were merchantable quality, safe and effective for their intended purpose.

39. Contrary to the implied warranty the navigation guide and/or the components were not of merchantable quality, safe or effective for their intended purpose because the products were dangerous, defective, unfit and ineffective for the ordinary purpose for which they were being offered.

39. As a direct and proximate result of the breach of the implied warranty, Plaintiff has suffered, and will continue to suffer, injury, disability, disfigurement, emotional distress, harm and economic loss as alleged herein, in an amount in excess of $75,000.00.

## CAUSE OF ACTION V

## STRICT LIABILITY - DESIGN DEFECT

40. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein and further allege as follows:

41. This is an action for strict liability based upon design defect against Defendants STRYKER, STRYKER CORP, and HOWMEDICA.

42. Said Defendants designed the navigation system in such a way that, when used as intended, made cuts that were not accurate and led to the premature failure of the device and components used in the total knee replacement.

43. Said navigation system did not perform as safely as and ordinary consumer would expect when used as intended, or in the manner reasonably foreseeable to said Defendants.

44. The risks of using the navigation system outweighs the benefits of its use.

45. The navigation system was defectively designed.

46. The navigation system contained software errors that were defectively designed.

47. Defendants failed to adequately investigate their own internal reports of knee complications or conduct necessary design validation.
48. As a direct and proximate result of the design defect, Plaintiff has suffered, and will continue to suffer, injury, disability, disfigurement, emotional distress, harm and economic loss as alleged herein, in an amount in excess of $75,000.00.

## CAUSE OF ACTION VI

## STRICT LIABILITY - DESIGN DEFECT

49. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein and further allege as follows:
50. This is an action for strict liability based upon design defect against Defendants STRYKER, STRYKER CORP, and HOWMEDICA.
51. Said Defendants designed the artificial components used and said components joint instability, loosening, chronic pain, limitations in mobility and the need for corrective measure or additional revision surgeries.
52. Said components did not perform as safely as and ordinary consumer would expect when used as intended, or in the manner reasonably foreseeable to said Defendants.
53. The risks of using the components outweighs the benefits of their use.
54. The components were defectively designed.
55. Defendants failed to adequately investigate their own internal reports of knee complications or conduct necessary design validation.
56. As a direct and proximate result of the design defect, Plaintiff has suffered, and will continue to suffer, injury, disability, disfigurement, emotional distress, harm and economic loss as alleged herein, in an amount in excess of $75,000.00.

CAUSE OF ACTION VII

VIOLATION OF OKLAHOMA CONSUMER PROTECTION ACT

57. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein and further allege as follows:

58. By reason of the conduct as alleged herein, and by inducing Plaintiff and her physicians to use the navigation system and the components, through the use of deception, fraud, false advertising, false pretenses, misrepresentations, unfair or deceptive practices and the concealment and suppression of material facts, including but not limited to misleading and fraudulent statements, concealment, and misrepresentations, Defendants violated the provisions of the OKLAHOMA CONSUMER PROTECTION ACT and/or other Oklahoma laws and administrative codes, and as a result of those acts or omissions the Plaintiff suffered injuries described herein.

59. As a direct and proximate result of said Defendants' statutory violations, Plaintiff was allowed the procedure to occur and the use of the navigation system and components. Plaintiff would not have allowed these occurrences had the Defendants not used deception, fraud, false advertising, false pretenses, misrepresentations, unfair and deceptive practices and the concealment and suppression of material facts to induce her and her physician.

60. By reason of such violations and pursuant to 15 OS 753, et seq., Plaintiff is entitled to recover all the monies paid for the product; to be compensated for the cost of the medical care arising out of the use of the products; and, to recover any and all consequential damages recoverable

under the law including but not limited to, both past and future medical expenses; past wage loss; loss of future earning capacity; and, past and future pain suffering, disability, and emotional distress. Plaintiff is entitle to see compensatory damages, attorney fees, injunctive and equitable relief, and other remedies as determined by the court, in an amount in excess of $75,000.00.

## CAUSE OF ACTION VIII

### Loss of Consortium

61. Plaintiff, JCADE incorporates by reference all preceding paragraphs as if fully set forth herein and further allege as follows:

62. As a direct result of the above causes of actions against Defendants the Plaintiff, JCADE has suffered Loss of Consortium in the past, including damages to the family relationship, loss of care, comfort, solace, companionship, protection, services, and/or physical relations.

14. As a direct result of the above causes of actions against Defendants the Plaintiff, JCADE has suffered Loss of Consortium in the future, including damages to the family relationship, loss of care, comfort, solace, companionship, protection, services, and/or physical relations in an amount in excess of $75,000.00.

WHEREFORE, premises considered, Plaintiffs pray that this Court award them as actual damages in the amounts as stated, all in excess of $75,000.00 from Defendants, along with attorney's fees, costs, interest, and any other relief to which the Court deems just and proper.

Respective submitted

_____
Jerry D. Lundy, OBA #16459
119 West Broadway Avenue
Broken Arrow, Oklahoma 74012
Phone: (918) 258-9977
Fax:   (918) 779-7054